■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL C. ORR, Appellant.—Judgment insofar as it imposes sentence unanimously modified as a matter of discretion in the interest of justice in accordance with memorandum and as modified affirmed. Memorandum: Upon his plea of guilty to second degree robbery defendant was sentenced to an indeterminate term with a maximum of eight years. He contends that his plea was

invalid because he was not adequately advised of the nature of the charge and the consequences of the plea and that the sentence was excessive. Prior to sentencing the court asked the defendant whether he had been advised "that robbery in the Second Degree is a C Felony, and * * * you may be subject to an indeterminate sentence * * * up to a maximum of 15 years, or an alternate probation for a period of 5 years?" Defendant responded that "knowing all this" he pleaded guilty. It is undisputed that the court erred in advising defendant that there was a possibility of a probation sentence. Subdivision 3 of section 60.05 of the Penal Law provides, with an exception not here relevant, that "every person convicted * * * of * * * robbery in the second degree as defined in section 160.10 * * * must be sentenced to imprisonment in accordance with section 70.00". This provision became effective September 1, 1973 (L 1973, ch 277, § 18) and defendant's offense occurred on October 20, 1973. The court's misstatement, defendant argues, held out a false hope of leniency which might have influenced defendant's decision to plead guilty. A defendant's right to be relieved of his guilty plea was specifically considered by the Court of Appeals in *People v Caputo* (36 NY2d 653, 654). In affirming defendant's conviction the court stated: "To establish reliance on the representations made to him he would have been required to show that he believed them and that he was not otherwise advised by his lawyer or anyone else before he pleaded guilty. He could have done this by a motion to vacate his plea or by a motion to vacate the judgment of conviction under CPL 440.10 supported by an affidavit or affidavits showing justifiable reliance". On this authority the judgment of conviction should be affirmed. The crime for which defendant was charged was the robbing of $800 from a grocery store proprietor. The defendant and two codefendants demanded and received the money and then fled. No violence occurred and the victim was not physically touched. The two other participants were given youthful offender treatment, one of whom was placed on probation and the other given a reformatory sentence. At the time of the crime defendant was a Staff Sergeant in the Air Force and had no previous criminal record. The only blemish on his record was some disciplinary problems that he had in the Air Force resulting from the use of alcohol and his presentence report was favorable. It is now more than two years that defendant has been in prison. Since during this time no subsequent evaluation as to his conduct within prison or his prospects for rehabilitation has been prepared, a reduction in the maximum term of this sentence thereby necessitating his immediate release would under the circumstances herein be improper. If it appears that the interests of justice would be served by permitting defendant to return to society, that return should be predicated upon a satisfactory finding by the appropriate parole board. Accordingly, as a matter of discretion in the interests of justice, defendant's maximum term of imprisonment should be reduced to a period of four years. (Appeal from judgment of Oswego County Court convicting defendant of robbery, second degree.) Present—Marsh, P. J., Moule, Cardamone, Mahoney and Goldman, JJ.